**MOTION**
**IKENNA ODUNZE, ESQ.**
Nevada Bar No. 9885
ODUNZE & SWANIGAN
ODUNZE PLLC
3651 Lindell Road Suite D #142
Las Vegas Nevada 89103
Telephone No. 702-943-0305
Facsimile No. 702-943-0233
Email: ipo.odunzeswanigalaw@gmail.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL A. VIDAL, an individual; ESTATE OF EVA RAMOS (through its Administrator JESSICA CLEMENTE). | ) ) ) ) **CASE NO.:** 2:22-cv-00274-RFB-BNW |
| Plaintiffs, | ) ) ) MOTION FOR LEAVE TO AMEND |
| vs. | ) ) |
| VERIZON PENSION PLAN FOR ASSOCIATES, *((Plan No. 16), an entity under ERISA))*; VERIZON EMPLOYEE BENEFITS COMMITTEE, a plan administrator; KEVIN CAMMARATA, in his capacity as CHAIRPERSON OF THE VERIZON EMPLOYEE BENEFITS COMMITTEE; PATRICIA, an individual, VERIZON CALIFORNIA INC., a corporation; VERIZON COMMUNICATIONS INC.; CONDUENT INCORPORATED, a corporation; CONDUENT BUSINESS SERVICES, LLC, a limited liability company; XEROX CORPORATION, a corporation; XEROX HR SOLUTIONS, LLC, a limited liability company; VERIZON SERVICES CORP., a corporation; VERIZON NORTH LLC, a limited liability company; DOES I-XX, inclusive, and ROE ENTITIES I-XX, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMES NOW Plaintiffs MICHAEL VIDAL and the ESTATE OF EVA RAMOS (through its Administrator JESSICA CLEMENTE) by and through the law office of ODUNZE PLLC d/b/a ODUNZE & SWANIGAN and its attorney IKENNA ODUNZE, ESQ. and pursuant to FRCP 15(a)(2) hereby moves this Honorable Court for an order granting leave and permission to file an amended complaint in this matter and seven (7) days from the Order granting this Motion to revise the proposed amended complaint (as needed).

This Motion (referred to as the "Motion" or the "instant Motion") is based upon the papers and pleadings on file herein, the attached memorandum of points and authorities, and any oral argument which the Court may entertain at a hearing thereon.

DATED this 25th day of February, 2022

ODUNZE PLLC

__/s/Ikenna Odunze/_____
Ikenna Odunze, Esq.
ODUNZE & SWANIGAN
ODUNZE PLLC
3651 Lindell Road Suite D #142
Las Vegas Nevada 89103
Telephone No. 702-943-0305
Facsimile No. 702-943-0233

**POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

**A.**

**PROCEDURAL HISTORY**

The instant action (hereinafter referred to as the "Action" or "the instant Action") concerns a multiparty ERISA litigation wherein ERISA 29 U.S.C. § 1132(a)(3) make-whole and equitable surcharge relief are requested by the Plaintiffs for breaches of fiduciary duty amounting to statutory violations of ERISA that are actionable under 29 U.S.C. § 1132(a)(3).

The Action was initiated on February 14, 2022 less than two weeks from the filing of this this Motion. The initial complaint was amended as of right on February 18, 2022.  As it's early in matter the named Defendants have not yet been served, additionally none of the Defendants have yet appeared in this matter as of the date of the filing of this instant Motion.  After the push to file the initial complaint and push to quickly file a first amended complaint the Plaintiffs seek leave from this Court to file a Second Amended Complaint prior to embarking upon service. The Plaintiffs (and their counsel) would like to obtain leave to file an amended complaint however kindly also like to have seven (7) days from the date the Court issues an Order granting leave amend for further review of the proposed complaint to ensure there are a few days to make any needed typographical amendments and revisions.  In accord with the Local Rules a proposed amended complaint is furnished hereto. *See* Exhibit 1 (hereinafter referred to the "proposed draft amended complaint" or "DCOMP"; it's exhibits are also included).

The Plaintiffs with their proposed draft amended complaint have refined references to the co-fiduciary claims and respondeat superior doctrine, and to the causes of action, damages and relief sections; and they have further revised typographicals.  ERISA complaints are typically extensive as is the case in the instant matter and the Plaintiffs' counsel believes the amendments are key and essential; further amendment enables judicial economy and continuity of arguments-and-process, further justice requires amendment in this instance, accordingly the instant Motion is respectfully filed and submitted.   Plaintiffs and Plaintiffs' request leave to amend to make corrections and edits, to refine respondeat superior allegations (and co-fiduciary allegations), causes-of-action, to add two causes of action concerning respondeat superior (as seen in the proposed amended complaint seen in Exhibit 1) and to ensure continuity of arguments.

A proposed  amended complaint is attached nonetheless its respectfully requested that within this leave request that the Plaintiffs and the Plaintiffs' counsel be allowed seven (7) days from the Court's order granting this Motion to make any additional typographical corrections, revisions substantive edits and amendments the Plaintiffs and Plaintiffs' counsel observe need to be made (or believe need to be made) between date of the filing of this instant Moton through the date that is seven (7) days from the date this Honorable Court grants this instant Motion.

## B.
## FACTUAL BACKGROUND

For 36 years Eva Ramos ("Ms. Ramos"; Plaintiff's Mr. Vidal's late mother) who was born in 1952 worked for companies that participated in the Verizon Pension Plan for Associates (sometimes referred to as the "Plan"). *See* DCOMP at Exhibit 4.  Upon information and belief, the Plan was previously sponsored by Verizon California Inc., and then subsequently sponsored by Verizon Communications Inc. Upon information and belief Ms. Ramos began working for

Bell Atlantic in 1981 which was eventually purchased in an acquisition by Verizon. *Id.* Upon information Ms. Ramos was diagnosed with cancer in 2016. Upon information and belief Ms. Ramos reached age 65 in November 2017. *Id.* Upon information and belief Ms. Ramos was hospitalized in November 2017 where upon her only biological child plaintiff Mr. Vidal (who at all relevant times was a resident of the State of Nevada living in Las Vegas) flew from Las Vegas Nevada to the Bronx New York to watch over his mother Ms. Ramos. Ms. Ramos while hospitalized signed-and-executed a power of attorney for Mr. Vidal to use to take care of all Ms. Ramos' business affairs including her pension election package paperwork. However, as alleged in the pleadings on the record in the instant matter the Defendants' breaches of fiduciary caused and resulted in the pension election package Mr. Vidal had on hand (on December 8, 2017) not being used by Ms. Ramos' death. Ms. Ramos died sometime in December 2017.

The breaches of fiduciary duty at the center of the Action and dispute primarily arise out of, inter alia, certain individualized advice, advising and consulting the Defendants provided to the Plaintiff Mr. Vidal (and by extension Ms. Ramos) and Ms. Clemente on December 8, 2017 concerning Mr. Vidal's Ms. Ramos' pension election package paperwork as well as the lack of certain verbal notifications during the advising and consulting concerning the aforesaid pension election package paperwork which the Plaintiffs allege constitute breaches of fiduciary duty amounting to statutory violations of ERISA actionable under 29 U.S.C. § 1132 (a)(3).

The Plaintiffs have asked for $484,469.17 in make whole and equitable surcharge relief to be made whole pursuant to 29 U.S.C. § 1132(a)(3) to be awarded to the Plaintiffs amongst other requests for relief and causes of action.

Plaintiffs and Plaintiffs' attorneys would like to be able to revise typographicals (and to refine causes-of-action, relief, and general allegations) and to amend their complaint in pursuit of

the Action (and justice) and to facilitate a proper decision on the merits and continuity of arguments and respectfully believe justice and NRCP 15 requires granting leave to amend.

## II.

## LEGAL DISCUSSION

## A.
## THIS COURT SHOULD GRANT PLAINTIFF'S LEAVE TO FILE AN AMENDED COMPLAINT

Fed. R. Civ. P. 15 permits parties to amend their pleadings upon leave of the Court.  Rule 15(a) states that "'shall be freely given when justice so requires.' Fed. R. Civ. P. 15(a)(2). *Forman v. Davis*, 317 U.S. 178 (1962); *United States v. Hougha*m, 364 U.S 310 (1960); *Bonin v. Calderon*, 59 F.3d 815 (9th Cir. 1995). "The Supreme Court has instructed that "this mandate is to be heeded" and the Ninth Circuit has repeatedly held that a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Willard v. Lockhart-Johnson (In re Lockhart-Johnson)*, 631 B.R. 38 (B.A.P. 9th Cir. 2021).

Granting leave to amend is a matter of discretion in the trial court. *Id.* However, the Federal Courts have held that leave to amend should be freely given in the absence "undue delay, prejudice to the opposing party, futility of the amendment..." *Bonin v. Calderon*, 59 F.3d 815 (9th Cir. 1995).   In the instant matter, the amendment and leave being requested is relatively near to the initiation date of the lawsuit and to the last amendment hence there is no "undue delay" (as it is near), further there is no "prejudice" to the opposing parties as they have not entered appearances in this matter yet and discovery has not started in this matter (nor has there been any hearings; and it's too early for there to be any prejudice to have occurred to the Defendants concerning pleadings), there is not any bad faith as the purpose of the amendment

revise and amend typographicals (and to refine causes-of-action, relief and allegations and to ensure continuity of arguments) and finally there is nothing that the Plaintiff is inserting into the amended complaint that is futile.

The purpose of pleadings is to "facilitate a proper decision on the merits," *Conley v. Gibson*, 355 U.S. 41 (1957), and not to erect formal and burdensome impediments in the litigation process. *See Howey v. U.S.*, 481 F.2d 1187, 1190 (9th Cir. 1973). Unless undue prejudice to the opposing party will result, a trial judge should permit a party to amend its complaint. *See Hougham*, 364 U.S. at 310; *Breier v. Northern California Bowling Proprietors' Ass'n.*, 316 F.2d 787 (9th Cir. 1963); *Middle Atlantic Utilities Co. v. S.M.W. Development Corp.*, 392 F.2d 380 (2d Cir. 1968); and 3 Moore's Federal Practice § 15.08.  It's evident that the precedent in federal courts is to liberally and freely utilize their discretion to grant leave to amend in  instances such as this.

The federal Courts' liberal policy favoring amendment strongly supports granting the Plaintiffs' instant Motion for leave to amend to file an amended complaint and granting the Plaintiff seven (7) days from the Court's Order to revised the DCOMP as needed before filing it.

### III.

### **CONCLUSION**

Respectfully, based upon the foregoing, the Plaintiffs' request for relief that the Court grant the Plaintiffs' Motion for leave to amend should be granted and the Plaintiffs should be allowed to file an amended complaint. The Plaintiffs' request for permission and leave to file a Court ordered amended complaint within (7) days from the Court's order that will serve as the operative complaint in this matter should be granted. The Plaintiffs' requests that the Plaintiffs be allowed to revise and amend the proposed draft amended complaint (also referred to as the

DCOMP) should be granted. Based on the foregoing all relief in the instant Motion should be granted. The Court should grant any other favorable relief to the Plaintiff the Court feels is necessary, proper or just (arising in the hearing, pleadings, record or evidence) adduced in or by the hearing for the instant Motion).

DATED this 25th day of February, 2022

ODUNZE PLLC


__/s/Ikenna Odunze/_____
Ikenna Odunze, Esq.
ODUNZE & SWANIGAN
ODUNZE PLLC
3651 Lindell Road Suite D #142
Las Vegas Nevada 89103
Telephone No. 702-943-0305
Facsimile No. 702-943-0233


**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of ODUNZE PLLC, and that the following documents were served of the above MOTION FOR LEAVE TO AMEND to:

***All parties registered for electronic service in CASE NO.: 2:22-cv-00274-RFB-BNW.***


__/s/ Ikenna Odunze, Esq._____
An employee of ODUNZE PLLC


**ORDER**
**IT IS SO ORDERED**

**DATED:** 2:41 pm, February 28, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**