DEVERIE J. CHRISTENSEN
Nevada Bar No. 6596
KYLE J. HOYT
Nevada Bar No. 14886
**JACKSON LEWIS P.C.**
300 S. Fourth St., Suite 900
Las Vegas, NV 89101
Telephone: 702.921.2460
E-Mail: Deverie.Christensen@jacksonlewis.com
E-Mail: Kyle.Hoyt@jacksonlewis.com

EDWARD D. PERRIN, JR.
(*pro hac vice* motion to be filed)
JENNIFER R. POE
(*pro hac vice* motion to be filed)
**HALLETT & PERRIN**
1445 Ross Ave., Suite 2400
Dallas, TX   15222-3112
Tele: 214.914.5150;
E-Mail: eperrin@hallettperrin.com
E-Mail: jpoe@hallettperrin.com

Attorneys for Defendants
*Conduent Incorporated, Conduent Business Services, LLC, Xerox Corporation, and Xerox HR Solutions, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL A. VIDAL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VERIZON PENSION PLAN FOR ASSOCIATES, et al.,<br><br>Defendants. | Case No.: 2:22-cv-00274-ART-BNW<br><br>**STIPULATION AND [PROPOSED] ORDER FOR EXTENSION OF TIME FOR CONDUENT DEFENDANTS AND VERIZON DEFENDANTS ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**(FIRST REQUEST)** |

Now come Plaintiffs Michael A. Vidal and Estate of Eva Ramos (through its Administrator Jessica Clemente) (hereinafter collectively "Plaintiffs"), Conduent Incorporated, Conduent Business

Services, LLC, Xerox Corporation, and Xerox HR Solutions, LLC (hereinafter collectively the "Conduent Defendants"), and Defendants Verizon Pension Plan for Associates, Verizon Employee Benefits Committee, Kevin Cammarata, Verizon California Inc., Verizon Communications Inc., Verizon Services Corp., and Verizon North. LLC, (hereinafter collectively the "Verizon Defendants"), and pursuant to Local Rules IA 6-1, 6-2, 7-2, Federal Rule of Civil Procedure Rule 6, and any other applicable rule needed to effectuate this stipulation hereby stipulate and agree as follows:

WHEREAS, Plaintiffs filed an initial complaint (ECF No. 1) on February 14, 2022;

WHEREAS, Plaintiffs last amended their complaint (ECF No. 10; hereinafter referred to as "SAC") on March 8, 2022;

WHEREAS, through counsel, the Conduent Defendants and the Verizon Defendants have executed waiver of service forms (which were filed by the Plaintiffs in ECF Nos. 14-24) and further attested to in ECF No. 25) pursuant to Fed. R. Civ. P. 4; based on the executed Rule 4 waiver forms, responses of the Conduent Defendants and the Verizon Defendants—to the SAC (ECF No. 10)—are due on June 7, 2022;

WHEREAS all Parties agree and stipulate that all the Conduent Defendants and Verizon Defendants were effectively, properly and sufficiently served pursuant to Fed. R. Civ. P. 4 (and the Loral Rules) with the SAC and summons (as set forth Fed. R. Civ. P. 4(d)(4)) by April 29, 2022 and that no further service by the Plaintiffs of/on the Conduent Defendants and Verizon Defendants under Fed. R. Civ. P. 4 (or any other rule)—concerning the SAC and any previously filed complaints and/or amended complaints—is necessary or required by the Conduent Defendants, Verizon Defendants, this Court and applicable Rules;

WHEREAS, The Parties further stipulate that all the Conduent Defendants and Verizon Defendants have been effectively, properly and sufficiently served by the Plaintiffs with the SAC (including sufficiently to meet all service requirements that are necessary under Fed. R. Civ. P. 4 and any Local Rules) and any required summons (including sufficiently to meet all service requirements that are necessary under Fed. R. Civ. P. 4 and any Local Rules) and that no further service of the SAC (and any pleadings preceding the SAC) by the Plaintiffs on the Conduent Defendants and Verizon Defendants is necessary or required under Fed. R. Civ. P 4 (and/or any other rule);

1    WHEREAS, because of other litigation commitments of lead counsel for the Conduent
2  Defendants and the Covid illness of lead counsel for the Verizon Defendants, the Conduent and
3  Verizon Defendants have requested, and Plaintiffs have agreed to, a ten-day extension of time (until
4  the end of **Friday**, **June 17, 2022**) to file an response to the SAC provided that such extension does
5  not in any way affect the efficacy, effectiveness, operative effect (or operativeness) and validity of the
6  waivers that were signed (and filed) and does not—(as to such waivers) and the Fed. R. Civ. P. 4—
7  effect/affect the applicability, operation, allowances and efficacy of Fed. R. Civ. P. 4(d)(4) (including
8  but not limited to the effective service date of the aforesaid SAC being counted and construed as served
9  on the dates respective waivers (in ECF Nos. 14-24) where filed by the Plaintiffs, further that if this
10 stipulation in any way adversely or prejudicially effects/affects the Plaintiffs concerning service of
11 summons and the SAC then the Parties agree that such additional time that is needed to serve all
12 defendants referenced in Case No.: 2:20-cv-00924-ART-BNW will be provided to the Plaintiffs, and
13 its further agreed to by the Parties and shall be permitted, and will not be objected to or opposed by
14 the Conduent Defendants and Verizon Defendants and the conditions set forth in this paragraph are
15 material, key, central and paramount to the Plaintiffs' consent and stipulation to this stipulation, and
16 further the Plaintiffs do not stipulate to extension of the period for the Conduent Defendants and
17 Verizon Defendants to answer the SAC under this stipulation without such conditions being met and
18 if the conditions set forth in this paragraph are not met any part of this stipulation that is adverse or
19 prejudicial to the Plaintiffs shall not be held, construed or treated—by the Conduent Defendants,
20 Verizon Defendants, other defendants, any other party to the litigation, and the Court—as having the
21 Plaintiffs' (and their counsel's) stipulation, agreement, consent and approval, further any aspect of this
22 stipulation that prejudicially effects/affects the applicability of Fed. R. Civ. P 4(d)(4) and/or efficacy
23 and operativeness of the waivers (observable at ECF Nos. 14-24) inclusive of their filing dates are not
24 operative, effective or controlling;

25   WHEREAS, the Conduent Defendants and Verizon Defendants assert that the proposed
26 requested ten-day extension from June 7, 2022 to June 17, 2022 will allow the Conduent Defendants
27 and the Verizon Defendants to obtain the documents and information necessary to respond to the SAC
28 and submit the necessary preliminary filings associated with their first substantive appearance in this

matter;

WHEREAS, the Parties further stipulate and agree that to the extent any of the Conduent Defendants or Verizon Defendants, in lieu of filing an answer to the SAC, files a motion pursuant to Fed. R. Civ. P. 12, Fed. R. Civ. P. 56 or any other rule that the time which Plaintiffs would otherwise be afforded to respond to such motion pursuant to Local Rule 7.2, Fed. R. Civ. P, 6 and any other applicable rule shall be extended by an additional 35 days.

WHEREAS, the Parties further stipulate and agree that to the extent any of the Conduent Defendants or Verizon Defendants files a motion pursuant to Fed. R. Civ. P. 12, Fed. R. Civ. P. 56 or any other rule on or before June 17, 2022 that the time which Plaintiffs would otherwise be afforded to respond to such motion pursuant to Local Rule 7.2, Fed. R. Civ. P. 6 and any other applicable rule shall be extended by an additional 35 days;

WHEREAS, the Parties further stipulate and agree that to the extent any of the Conduent Defendants or Verizon Defendants files a motion pursuant to Fed. R. Civ. P. 12, Fed. R. Civ. P. 56 or any other rule on or before the time allowed to answer that was secured by any motion (to extend) Defendants or Verizon Defendants file on or before June 17, 2022, that the time which Plaintiffs would otherwise be afforded to respond to such subsequent motions (inclusive of Fed. R. Civ. P. 12, Fed. R. Civ. P. 56 and motions under any other rule) filed by Conduent Defendants or Verizon Defendants pursuant to Local Rule 7.2, Fed. R. Civ. P, 6 and other applicable rule shall be extended by an additional 35 days;

WHEREAS, the Parties further stipulate and agree that the Plaintiffs (and the Plaintiffs' counsel's) agreement and consent to this stipulation is conditional and is conditioned and premised on the continued operative effect of Fed. R. Civ. P 4(d)(4) as it applies to filing dates of the waivers filed in ECF Nos. 14-24 as well as other conditions the Plaintiff has requested and set herein this stipulation;

WHEREAS, Fed. R. Civ. P. 6(b) requires the Court to approve an extension of time for Defendant to file an answer, and therefore the Conduent Defendants, the Verizon Defendants and Plaintiffs collectively request that the Court approve the stipulation, and HEREBY STIPULATE AND AGREE as set forth below:

a. This is the Parties' first stipulation for an enlargement of time for the Conduent Defendants and the Verizon Defendants to answer the SAC;

b. This is the Parties' first stipulation for an enlarge of time to oppose a respective motion;

c. The Parties stipulate and agree that the deadline for the Conduent Defendants and the Verizon Defendants to respond to the SAC shall be extended to **June 17, 2022**;

d. The Parties further stipulate and agree that to the extent any of the Conduent Defendants or Verizon Defendants, in lieu of filing an answer to the SAC, file a motion pursuant to Fed. R. Civ. P. 12, Fed. R .Civ. P. 56 or any other rule that the time which Plaintiffs would otherwise be afforded to respond to such motion pursuant to Local Rule 7.2 shall be extended by an additional 35 days;

e. The Parties further stipulate and agree that to the extent any of the Conduent Defendants or Verizon Defendants files a motion pursuant to Fed. R. Civ. P. 12, Fed. R. Civ. P. 56 or any other rule on or before June 17, 2022 that the time which Plaintiffs would otherwise be afforded to respond to such motion pursuant to Local Rule 7.2, Fed. R. Civ. P, 6 and any other applicable rule shall be extended by an additional 35 days;

f. The Parties further stipulate and agree that to the extent any of the Conduent Defendants or Verizon Defendants files a motion pursuant to Fed. R. Civ. P. 12, Fed. R. Civ. P. 56 or any other rule on or before the time allowed to answer that was secured by any motion (to extend/enlarge) Conduent Defendants or Verizon Defendants file on or before June 17, 2022, that the time which Plaintiffs would otherwise be afforded to respond to such subsequent motions (inclusive of Fed. R. Civ. P. 12, Fed. R. Civ. P. 56 and motions under any other rule) filed by Conduent Defendants or Verizon Defendants pursuant to Local Rule 7.2, Fed. R. Civ. P, 6 and other applicable rule shall be extended by an additional 35 days;

g. The Parties further stipulate that all the Conduent Defendants and Verizon Defendants have been effectively, properly and sufficiently served by the Plaintiffs with the SAC (including sufficiently to meet all service requirements that are necessary under Fed. R. Civ. P. 4 and any Local Rules) and any required summons (including sufficiently to meet all service

      requirements that are necessary under Fed. R. Civ. P. 4 and any Local Rules) and that no further service of the SAC (and pleadings preceding the SAC) by the Plaintiffs on the Conduent Defendants and Verizon Defendants is necessary or required under Fed. R. Civ. P 4 (and/or any other rule);

h. The Parties further stipulate and agree that the Plaintiffs (and the Plaintiffs' counsel's) agreement and consent to this stipulation is conditional and is conditioned and premised on the continued operative effect of Fed. R. Civ. P 4(d)(4) as it applies to filing dates of the waivers filed in ECF Nos. 14-24 as well as other conditions the Plaintiff has requested and set herein this stipulation and the Plaintiffs shall not be considered to have stipulated ( by the Court, Conduent Defendants and the Verizon Defendants) without all conditions the Plaintiffs requested being effectuated, implanted, honored and enforced by the Court, Conduent Defendants and the Verizon Defendants;

i. The Parties further stipulate and agree the extension if granted shall not in any way affect the efficacy, effectiveness, operative effect (and operativeness), and validity of the waivers that were signed (and filed) and does not—(as to such waivers) and the Fed. R. Civ. P 4— affect the applicability, operation, allowances and efficacy of Fed. R. Civ. P. 4(d)(4) (including but not limited to service of the aforesaid SAC being counted as served on the dates respective waivers (in ECF Nos. 14-24) where filed;

j. The Parties further stipulate and agree that the Plaintiffs (and their counsel's) consent and agreement to this stipulation is conditioned on the condition that the extension if granted will not in any way effect/affect the efficacy, effectiveness, operative effect (and operativeness), and validity of the waivers that were signed (and filed) and does not—(as to such waivers) and the Fed. R. Civ. P, 4—effect/affect the applicability, operativeness, operation, allowances and efficacy of Fed. R. Civ. P. 4(d)(4) (including but not limited to the service date of the aforesaid SAC being counted as served on the dates respective waivers (observable at ECF Nos. 14-24) where filed, further that if this stipulation does in any way adversely or prejudicially effect/affect the Plaintiffs concerning service of a summons and the SAC then Parties agree that such additional time that is needed to serve

all defendants referenced in Case No.: 2:20-cv-00924-ART-BNW shall be given to the Plaintiffs, and such additional time is agreed (and stipulated) to by the Parties and shall be permitted, and will not objected to or opposed by the Conduent Defendants and Verizon Defendants. and the conditions set forth in this paragraph are material, key, central and paramount to the Plaintiffs' consent and stipulation to this stipulation, and further the Plaintiffs do not stipulate to extension of the period to for the Conduent Defendants and Verizon Defendants answer the SAC under this stipulation without such conditions being met and if the conditions set forth in this paragraph are not met any part of this stipulation that is adverse or prejudicial to the Plaintiffs shall not be held, construed or treated—by the Conduent Defendants, Verizon Defendants, other defendants, any other party to the litigation, and the Court—as having the Plaintiffs' (and their counsel's) stipulation, agreement, consent and approval, further any aspect of this stipulation that prejudicially effects/affects the applicability of Fed. R. Civ. P 4(d)(4) and/or efficacy and operativeness of the waivers (observable at ECF Nos. 14-24) inclusive of their filing dates are not operative, effective or controlling; and

///
///
///
///
///
///
///
///

k.  This stipulation is made in good faith and not made for purposes of delay.

IT IS SO STIPULATED.

| | |
|---|---|
| **ODUNZE & SWANIGAN ODUNZE PLLC** | **JACKSON LEWIS P.C.** |
| */s/ Ikenna Odunze* <br> IKENNA ODUNZE <br> Nevada Bar No. 9885 <br> 3651 Lindell Road, Suite D #142 <br> Las Vegas, NV  89103 <br> Tele: 702.943.0305 <br> E-Mail: ipo.odunzeswanigalaw@gmail.com <br><br> *Attorneys for Plaintiffs* | */s/ Kyle J. Hoyt* <br> DEVERIE J. CHRISTENSEN <br> Nevada Bar No. 6596 <br> KYLE J. HOYT <br> Nevada Bar No. 14886 <br> 300 S. Fourth St., Suite 900 <br> Las Vegas, NV 89101 <br><br> EDWARD D. PERRIN, JR. <br> (*pro hac vice* motion to be filed) <br> JENNIFER R. POE <br> (*pro hac vice* motion to be filed) <br> **HALLETT & PERRIN** <br> 1445 Ross Ave., Suite 2400 <br> Dallas, TX   15222-3112 <br> Tele: 214.914.5150; <br> E-Mail:  eperrin@hallettperrin.com <br><br> *Attorneys for Defendants Conduent Incorporated, Conduent Business Services, LLC, Xerox Corporation, and Xerox HR Solutions, LLC* |
| **DUANE MORRIS LLP** <br><br> */s/ Daniel B. Heidtke* <br> DANIEL B. HEIDTKE <br> Nevada Bar No. 12975 <br> 100 N. City Parkway, Suite 1560 <br> Las Vegas, NV 89106-4617 <br> E-Mail:  dbheidtke@duanemorris.com <br><br> JAMES P. HOLLIHAN <br> (pro hac vice motion to be filed) <br> 625 Liberty Ave., Suite 1000 <br> Pittsburgh, PA  15222-3112 <br> E-Mail: jphollihan@duanemorris.com <br><br> *Attorneys for Defendants Verizon Pension Plan for Associates; Verizon Employee Benefits Committee; Kevin Cammarata; Verizon California Inc.; Verizon Communications Inc.; Verizon Services Corp.; and Verizon North LLC* | |

## ORDER

IT IS ORDERED that ECF No. 32 is GRANTED in part and DENIED in part without prejudice. It is granted to the extent that Defendants shall have until June 17, 2022 to file a responsive pleading. It is denied in all other respects at this time. Counsel is advised that each request for relief must be contained in a separate motion or stipulation. *See* LR IC 2-2(b).

4891-2395-4724, v. 1

**IT IS SO ORDERED**
**DATED:** 12:32 pm, June 08, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**