**IKENNA ODUNZE, ESQ.**
Nevada Bar No. 9885
ODUNZE & SWANIGAN
ODUNZE PLLC
3651 Lindell Road Suite D #142
Las Vegas Nevada 89103
Telephone No. 702-943-0305
Facsimile No. 702-943-0233
Email: ipo.odunzeswanigalaw@gmail.com
*Attorneys for Plaintiffs*
MICHAEL A. VIDAL and
ESTATE OF EVA RAMOS
(through its Administrator
JESSICA CLEMENTE)

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL A. VIDAL, an individual, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> VERIZON PENSION PLAN FOR ) <br> ASSOCIATES, *((Plan No. 16), an entity under* ) <br> *ERISA)),* et al. ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) | CASE NO.: 2:22-cv-00274-ART-BNW <br><br> **UNOPPOSED** <br><br> **PLAINTIFFS' MICHAEL A. VIDAL AND ESTATE OF EVA RAMOS (THROUGH ITS ADMINISTRATOR JESSICA CLEMENTE) UNOPPOSED MOTION TO EXTEND ALL DISCOVERY DEADLINES FED. R. CIV. P. 6(B), LR IA 6-2 & LR 26-3 RELIEF ON ORDER SHORTENING TIME** <br><br> **(SIXTH REQUEST)** |

COMES NOW Plaintiffs MICHAEL VIDAL and the ESTATE OF EVA RAMOS (through its Administrator JESSICA CLEMENTE) by and through the law office of ODUNZE PLLC and its attorney IKENNA ODUNZE, ESQ. and pursuant to LR IA 6-2, LR 26-3, LR 26-6, Fed. R. Civ. P. 6 and any other applicable rule (that is favorable to the Plaintiffs) submit this **UNOPPOSED** motion ("Motion") for an approximately four month extension. This is a sixth

request of the extension of the aforesaid deadlines (however the only the fifth request came prior to the hearing of motions to dismiss).

      This Motion is based upon the papers (including but not limited to the below declaration) and any favorable pleadings on file herein, the attached memorandum of points and authorities, and any argument favorable to the Plaintiffs which the Court may entertain in its review or hearing thereon.

      DATED this 7th day of May 2024.

ODUNZE PLLC

/s/Ikenna Odunze/
Ikenna Odunze, Esq.
ODUNZE & SWANIGAN
ODUNZE PLLC
3651 Lindell Road Suite D #142
Las Vegas Nevada 89103
Telephone No. 702-943-0305
Facsimile No. 702-943-0233
*Attorneys for Plaintiffs*
MICHAEL A. VIDAL and
ESTATE OF EVA RAMOS
(through its Administrator
JESSICA CLEMENTE)

**ATTORNEY IKENNA ODUNZE'S 28 U.S.C. § 1746 MEET AND CONFER CERTIFICATION AND DECLARATION IN SUPPORT OF ORDER SHORTENING**

I, IKENNA ODUNZE pursuant 28 U.S.C.§1746 declare that:

1. I am above the age of eighteen years, and I am competent to testify and attest to the matters set forth in this declaration and I have personal knowledge of the matters set forth herein, that the same are true (and accurate) to the best of my own knowledge except for those matters therein stated on information and belief, and as for those matters I believe them to be true (and accurate).

2. My name is Ikenna Odunze.

3. I am the attorney of record for the above captioned named Plaintiffs in the above captioned matter, Case No.: 2:22-cv-00274-ART-BNW (hereinafter referred to as the "Case").

4. I filed the enclosed motion to extend (hereinafter referred to as the "Motion") all the discovery deadlines by approximately four months,

5. I first requested the Defendants for the referenced extension in March 29, 2024 and April 1, 2024 communications.

6. On May 7, 2024, meet-and-confer telephone conferences (wherein defendants' counsel and I conferred) were held to discuss the extension request and discovery. Attorney Edward Perrin, Esq. and I participated in the first aforesaid meet-and-confer and then Attorney James Hollihan, Esq. and I participated in a separate meet-and-confer.

7. The Defendant attorneys stated that as a matter of professional courtesy the Defendants do not oppose the Plaintiffs' requested approximately four-month extension. I mentioned that I would include such verbiage within this motion.

8. The Defendants' counsel mentioned that they would not oppose the extension request

however their preference was that I file motion as opposed to the parties doing an SAO.

9. I (Plaintiffs' counsel have been undergoing an incredibly painful lower body condition which is being assessed by physicians) that has overlapped with the preceding and ongoing discovery time and makes it difficult to walk, stand, sit, ambulate etc (and in the same period has undergone corneal inflammation affecting vision). and those occurrences are some of the concurrent reasons for the referenced request for extension as the conditions makes all matters and task require more time).  The condition (and the scope, magnitude and impact of it) was unexpected, unanticipated and outside of the parties and plaintiffs' counsel's control.

10. If further extensions are necessary I will associate additional counsel to assist.

11. The 21-day cut off for nearest cut-off is today and that is good cause to grant the enclosed motion on order shortening time, amongst the reasons and factors discussed in the motion.

12. The enclosed motion is not filed for the purpose of delay.

13. The factual statements preceding this declaration are true and accurate.

14. I declare and state under penalty of perjury that the foregoing is true and correct.

15. I submit the foregoing declaration pursuant to 28 U.S.C.§1746.

FURTHER YOUR DECLARANT SAYETH NAUGHT

Executed on ____05/07/2024_____            _____/s/Ikenna Odunze, Esq._____
                    (DATE)                                        Signature IKENNA ODUNZE, ESQ

**POINTS AND AUTHORITIES**

## I. INTRODUCTION & PROCEDURAL HISTORY

The instant action (hereinafter referred to as the "Action" or the "instant Action") concerns a multiparty ERISA litigation wherein ERISA 29 U.S.C. § 1132(a)(3) make-whole and equitable surcharge relief are requested by the Plaintiffs for breaches of fiduciary duty amounting to statutory violations of ERISA that are actionable under 29 U.S.C. § 1132(a)(3).

The Action was initiated on February 14, 2022. The initial complaint was amended as of right on February 18, 2022. The Complaint was amended March 8, 2022 (again, hereinafter referred to as "Second Amended Complaint" or "SAC" or "last operative complaint"), *See* Docket No. 10 through10-6.  Seven appearing defendants (hereinafter referred to as the "Verizon Defendants") filed a motion to dismiss at ECF No. 42 (hereinafter referred to as the "Verizon MTD") on June 17, 2022 while the another four appearing defendants (hereinafter referred to as the "Conduent Defendants") filed their own motion to dismiss at ECF No. 44 (hereinafter referred to as the "Conduent MTD") on the same day.  The Defendants' motions to dismiss were opposed by the Plaintiffs. The Plaintiffs also filed motions for leave to amend. Defendant Patricia subsequently appeared in this case at beginning of last year and requested a dismissal on January 31, 2023, which the Plaintiffs filed an oppositions to. A scheduling order was issued on September 13, 2022. *See* ECF No. 92.

A previous extension (the first request) of all discovery deadlines was requested by the Plaintiffs around April 6, 2023 and was GRANTED by Court on May 1, 2023.

On April 27, 2023 the Plaintiffs filed a motion for leave to amend with an attached proposed third amended complaint (PCOMP) which was GRANTED on May 25, 2023.

On May 25, 2023 and May 26, 2023 the Court said the Third Amended Complaint was the operative complaint and should be published on to the docket.

On June 8, 2022 the Verizon Defendants answered the Third Amended Complaint.

On June 17, 2023 the Third Amended Complaint was published on to the Docket.

On June 22, 2025 the Conduent Defendants answered the Third Amended Complaint.

The Court granted an extension in ECF No. 127 and since that date voluminous (thousands of pages) of records have been assessed.

There are 14 named parties in this Case and thousands of pages of records and documents were exchange in preceding months of this year and thousand of pages of records (and documents) have been assessed in discovery period preceding today.

On March 6, 2024 the Court granted the Plaintiffs' last unopposed motion (ECF Nos 136 and 137) to extend discovery deadlines.

Subsequently, the Plaintiffs sent correspondence to the Defendants' counsel requesting four-month extension, the Defendants indicated that they were fine with an approximately four-month extension (and that as a matter of professional courtesy the Defendants do not oppose the Plaintiffs' requested approximately four-month extension) but that they preferred the Plaintiffs procure the extension via motion as opposed to SAO.

## II. LAW, ARGUMENT & LR 26-

As mentioned in ECF Nos. 125 and 136 the records, documents, files and recordings exchanged-and-received in matter are voluminous and despite diligently working through records, documents, recordings etc in preceding discovery time the Plaintiffs' attorneys' law firm is relatively small further that last five months have overlapped with events outside of the Plaintiffs' (and Plaintiffs' counsel's) control. This Moton is first-and-foremost a request for that

discovery be extended by approximately four months or approximately (if an approximately four month extension is for some reason not granted/permitted then an alternatively extension as close to four months is requested); Attorney Ikenna Odunze, Esq's above declaration and certification are incorporated by reference ("Odunze Decl.") as if fully set forth herein.

**II. LR 26-3 (a) A STATEMENT SPECIFYING THE DISCOVERY COMPLETED;**

Since the last discovery scheduling order thousands of pages of documents/records have been assessed (many of them complex in nature).

Plaintiffs served the Defendants initial disclosures on July 29, 2022. Plaintiffs were served with initial disclosures on September 30, 2022. The ESTATE OF EVA RAMOS (through its Administrator JESSICA CLEMENTE) on April 6, 2023 propounded and served Fed. R. Civ. P Rule 33 interrogatories on the following defendants PATRICIA; CONDUENT BUSINESS SERVICES, LLC; VERIZON PENSION PLAN FOR ASSOCIATES, (Plan No. 16); and VERIZON COMMUNICATIONS INC.

The ESTATE OF EVA RAMOS (through its Administrator JESSICA CLEMENTE) on April 6, 2023 propounded and served Fed. R. Civ. P Rule 34 request for production on the following defendants PATRICIA; CONDUENT BUSINESS SERVICES, LLC; VERIZON PENSION PLAN FOR ASSOCIATES, (Plan No. 16); and VERIZON COMMUNICATIONS INC.

Both Conduent Defendants and Verizon Defendants answered the Plaintiffs above discovery request on May 8, 2023.

On May 18, 2023, the Conduent Defendants amended their discovery responses.

On April 27, 2023 the Conduent Defendants propounded Interrogatories, Request for Admission and Request for Production on the Plaintiffs to which the Plaintiffs responded to on

May 30, 2023 and June 16, 2023.

July 2023 Depositions were scheduled for Defendants Kevin Cammarata and Patricia Bryant however are being moved to later dates – the holidays impacted witness availability.

In 2024 the Plaintiffs' counsel has been undergoing an incredibly painful lower body condition which is being assessed by physicians that has overlapped with the preceding and ongoing discovery time and makes it difficult to walk, stand, sit, ambulate etc.(additionally over the last two months Plaintiffs' lead counsel experienced inflamed corneal condition impacting vision) and those occurrences are some of the concurrent reasons for the referenced request for extension as the conditions makes all matters and task require more time; the aforesaid condition was unexpected, unanticipated and outside of the parties' and plaintiffs' counsel's control.

The Defendants agreed that they would not oppose this motion and the request for the approximately four-month extension.

### III.     LR 26-3 (b) A SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED:

Since the last scheduling order multiple thousands of pages documents/records were assessed.

The Plaintiffs are working on letters concerning further responses to the discovery the Plaintiffs' previously sent, and the Plaintiffs have begun preparation of additional written discovery much of will be concentrated on the Defendants' respective recent June 8, 2023 and June 22, 2023 answers-and-affirmative defenses to the Third Amended Complaint amongst other issues and subject matter.

The Defendants' answers-and-affirmative defenses were filed in June of 2023. Multiple thousands of pages of documents were propounded and the assessment, review and analysis of

records, documents recordings, transcripts and other discovery is still ongoing. The Plaintiffs anticipate and plan on propounding additional interrogatories and requests for production on the Defendants and taking the depositions of Patricia Bryant, Kevin Cammarata, Patricia Bryant' supervisors and Fed. R. Civ. 30(b)(6) persons most knowledgeable from the entity the Defendants. However, in the Plaintiffs' view judicial economy and costs make it suggestable to wait until after the Defendants provide further responses to areas the Plaintiffs elaborate they want further responses to on already propounded discovery.

Each Defendant served thousands of documents prior to answering the Third Amended Complaint and therefore the Plaintiffs' side assessment and review is still ongoing.

Parties are still assessing if experts will be needed (if any) and Plaintiffs' are still assessing financing for any such experts.

As referenced above, since the last discovery scheduling order thousands of pages of documents/records have been assessed (many of them complex in nature).

### IV. LR 26-3(c)THE REASONS WHY THE DEADLINE WAS NOT SATISFIED OR THE REMAINING DISCOVERY WAS NOT COMPLETED WITHIN THE TIME LIMITS SET BY THE DISCOVERY PLAN;

None of the discovery deadlines have passed/expired. There are 14 named parties in this matter and initial answers were just filed this year. Many of the current discovery dates still fall near to Holidays and/or coincide with unexpected overlapping trial-dates/casework (which the requested extension will help avoid) and each of the parties have each assessed voluminous pages of records (and multiple complex issues) concerning this instant matter in the preceding months of 2023 (this case was filed in 2022 and the last motions to dismiss were not heard until May 2023) while also contending with overlapping cases (and trial schedules), also witness

availability in overlapping periods was an issue. Additionally unexpected unavoidable overlapping arbitration was filed in an unrelated case. In 2024 the Plaintiffs' counsel has been undergoing an incredibly painful lower body condition that is being by assessed by physicians that has overlapped with the preceding and ongoing discovery time and makes it difficult to walk, stand, sit, ambulate etc. (over the last two months a temporary inflammatory corneal condition impacting vision also overlapped the discovery period) and those occurrences are some of the concurrent reasons for the referenced request for extension as the conditions makes all matters and task require more time; the aforesaid conditions were unexpected, unanticipated and outside of the parties and plaintiffs' counsel's control.. Considering the foregoing including the numerous upcoming intervening Holidays, witness unavailability/availability, unanticipated overlapping (or prior) trial conflicts of counsel, travel needs, health/health-needs, unanticipated overlapping trial dates (and preparation), law firm sizes and other issues discussed hereunder (and in emails exchanged between the Stipulating Parties) an additional four month extension is needed and requested to complete discovery and thus necessitated this extension request.

      As stated above the twelve Defendants' answers-and-affirmative defenses were filed in June 2023 and Defendants provided multiple thousands of pages of records to Plaintiffs in preceding months of this year. The previous period was utilized to assess claims, extensive voluminous records and evidence (and to prepare discovery), and more time is needed for the parties to complete discovery.

      The request and grant of the request is judicially economic. Much of the prior discovery period has been consumed with motion practice and oppositions and the parties anticipate more motion practice may be needed.

      The parties and their counsel are spread all over the United States, hence more time is

needed to conduct discovery.

The amend/add deadline is the nearest discovery deadline and it is on May 28 2024.

The logistics and intervening Holidays and legal commitments make extending discovery necessary.

During the discovery period the Plaintiff's counsel has also been contending with unexpected health issues.

Unavoidable unanticipated unexpected legal commitments that have overlapped during discovery period have also made extending discovery necessary (inclusive of but not limited to contending with the Defendants' motions).

In general and generally, more time is required to complete/conduct discovery and assess if experts are needed (and to procure and finance experts if any are needed), further the Plaintiffs need more time to fund the rest of discovery.

An extension would also ease some scheduling congestion.

For all the above reasons and all the reasons set forth in this stipulation-and-order an extension is needed, and remaining discovery has not yet been done.

The above reasons and considerations constitute good cause for asking for extension and the granting of the extension.

### V. LR 26-3(d) A PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY.

The Plaintiffs propose the following dates for the remaining discovery

Discovery Cut-off Date -              December 30, 2024

Date to file a motion to add parties
or motion to amend pleadings -         October 1, 2024

Expert disclosure –                   October 31, 2024

| | |
|---|---|
| Rebuttal expert – | December 2, 2024 |
| Dispositive motions – | January 29, 2025 |
| Pretrial Order – | February 28, 2025, however if a dispositive motion is filed on or before this date then no sooner than 30-days from the Court's decision on the dispositive motion. |

## VI.   FURTHER LAW AND ARGUMENT

The amount of time sought by this extension is four months (plus any days needed to avoid a deadline falling on a weekend). This is a sixth request by motion (but only fifth after the answers were filed) of the extension of the aforesaid deadlines. Fed. R. Civ. P 6, LR 26-3, LR IA 6-1, LR 26-1 and related local rules enables and permits this Court to grant an extension/enlargement of a date (including the discovery dates) for good cause. *See* Fed. R. Civ. P 6(b)(1) and LR 25-3; *See also Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1258–60 (9th Cir. 2010); *See also Mosely v. Eighth Judicial Dist. Court ex rel. County of Clark*, 188 P.3d 1136 (Nev. 2008); *Cal. Trout v. F.E.R.C.,* 572 F.3d 1003, 1027 n. 1 (9th Cir.2009); *PerezDenison v. Kaiser Found. Health Plan of the Nw.*, 868 F. Supp. 2d 1065 (D. Or. 2012); *Venegas–Hernandez v. Sonolux Records,* 370 F.3d 183, 187 (1st Cir.2004*); Thomas v. Brennan*, 961 F.2d 612, 619 (7th Cir.1992); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir.1987).

Fed. R. Civ. P 6(b), LR 26-3 and LR IA 6-1 (on their faces) employ and mention a "good cause" standard for granting extension/alteration of time and deadlines. *See* Fed. R. Civ. P. 6(b) and IA LR 6-1(d). Rule 6(b) also allows extension/alteration of times under "excusable neglect" when a moving-party files a motions after a deadline has elapsed/expired. *Id.* However, in the instant matter the Court need not reach (or apply) the "excusable neglect" standard because this Motion is filed prior to date 21-day cut-off in the Local Rules.

12

The Court can grant this Motion and do so in shortened time under Fed. R. Civ. P. 6(b)(1)(A), LR 26-3 and LR IA 6-1(d) for good cause.

Fed. R. Civ. P. 6(b) states in relevant part:

> (b) EXTENDING TIME. (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

LR 26-3 states in relevant part:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:

As seen in *Ahanchian, Mosely* and other apposite cases "good cause" concerning the standard can virtually be any reasonable, rational, practical or feasible reason provided by the moving party, with little to no deference for factors used in applying the more stringent standard of "excusable neglect" (i.e. good faith, reasons for not complying or delaying, and level of prejudice etc.). *See Ahanchian; See also Mosely.* In the instant matter most there is good cause and this Motion is made before the expiration of any deadline and made 21 days before the nearest discovery deadline..

The *Ahanchian* Court held:

> Critically, the record is devoid of any indication either that Ahanchian's counsel acted in bad faith or that an extension of time would prejudice defendants. To the contrary, the record reflects that Ahanchian's counsel acted conscientiously throughout the litigation, promptly seeking extensions of time when necessary and stipulating to defendants' earlier request for an extension of time to file their answer and to the twelve-week extension due to two defendants' late appearances…..Had the district court had any doubts about the veracity or good faith of Ahanchian's counsel, or been worried about prospective prejudice, it could have held an evidentiary hearing or sought more information; instead, without support in the record, it summarily denied Ahanchian's request."

6560/*Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1258–60 (9th Cir. 2010)(emphasis added).

In the instant matter, the Plaintiff and Plaintiff's counsel have not acted in bad faith in bringing this Motion, but instead have acted in good faith (and reasonably) as Plaintiffs' counsel has always first sought a stipulation in emails, telephone calls and meet-and-confer and the Defendants have said they will not oppose this Motion or the request for four month extension. The Plaintiffs sought extensions from the defendants' counsels of record (like the plaintiff's counsel in *Ahanchian*) before filing this Motion. *See supra* Odunze Decl.

If the Court deems it proper, reasonable, practical or just the Court can grant—with or without motion or notice"—an extension or if the Court was not inclined to immediately grant an approximately four-month grant it could hypothetically grant (*sua sponte* "with or without motion or notice") using the power under Fed. R. Civ. P. 6(b) a shorter extension, however an approximately four-month extension or alternatively an extension of as close to approximately four-months to complete discovery and extend all deadlines including cut-offs, amending/add parties, experts, rebuttal expert, dispositive motion and all other discovery. The Plaintiffs' Motion should be GRANTED in its entirety.

Although it is only persuasive (state court) not binding precedential authority on federal court, in *Mosely* Nevada's Supreme Court expressed "cause shown" in some instances can be interpreted as "good cause", the Plaintiffs mention the *Mosely* Court's decision here to illustrate the breadth/range of the standard for "good cause" as seen by some nearby contemporary courts. The above and below recited facts and circumstances are demonstrative of good cause.

Concerning Court rules, the United States Court of Appeals of the Ninth Circuit ("Ninth Circuit") held rules are 'to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–60 (9th Cir. 2010) (*citing Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983) *(quoting Staren v. American Nat'l Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir.1976)).

In *Ahanchian,* the Ninth Circuit further held, "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." 624 F.3d 1253; *See also e.g., Venegas–Hernandez v. Sonolux Records,* 370 F.3d 183, 187 (1st Cir.2004*); Thomas v. Brennan*, 961 F.2d 612, 619 (7th Cir.1992); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir.1987). Although the two cases concern two different court systems (one the federal system and the other state system) *Ahanchian* and *Mosely* mirror, reflect and reinforcement each others' underlying sentiment, precedent and propositions concerning liberal grant of extensions and liberal findings of good cause for granting extensions, additionally *Scrimer v. Eighth Judicial Dist. Court ex rel. County of Clark,* 116 Nev. 507, 998 P.2d 1190 (Nev. , 2000) and *Domino v. Gaugha,* 103 Nev. 582, 747 P.2d 236 (1937) are additional Nevada Supreme Court decisions that mirror and reinforce the precedent and propositions of *Ahanchian*. In *Scrimer* the calendaring and scheduling demands/constraints/difficulties of the plaintiff's counsel where

sufficient good cause for granting extension (the *Scrimer* Court also discusses other variables concerning counsel worth considering that constituted good cause for an extension)

More importantly the holding *Ahanchian* is illustrative, instructive and authoritative of the how Courts in this Circuit gage and adjudge good cause and the variables and metrics utilized and considered by Courts in this Circuit to determine good cause.

Even under the more stringent Fed. R. Civ. P 6(b)(1)(B) (which utilizes excusable neglect as a measure and which the Court need not reach) the Plaintiff would still be entitled to an approximately four-month extension or alternatively to as close to an approximately four-month extension as possible.

Even excusable neglect's more stringent standard (articulated in Fed. R. Civ. P 6(b)(1)(B))—which is triggered by a moving-party failing to file a motion for extension prior to the expiration of an applicable deadline—still enables enlargements of time for a moving party even when an applicable deadline has been missed, therefore even if that standard applied (which it does not) the Plaintiff would still be entitled to the relief requested in this Motion. *See* Fed. R. Civ. P 6(b); *Mosely v. Eighth Judicial Dist. Court ex rel. County of Clark*, 188 P.3d 1136 (Nev. 2008); *See MCI Telecomm.Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (*citing United States v. Nuttall,* 122 F.R.D. 163, 166-67 (D. Del. 1988). Specifically, Fed. R. Civ. P 6(b) states the Court may enlarge the period "on motion made after the time has expired if the party failed to act because of excusable neglect". Some general factors considered by courts when deciding an enlargement under the more stringent excusable neglect standard (though the Plaintiff has not been neglectful in this matter) include (1) good faith by the party seeking enlargement, (2) a reasonable basis for not complying within the specified time period, (3) the level of prejudice to the nonmoving party. *See MCI Telecomm.Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (*citing*

*United States v. Nuttall,* 122 F.R.D. 163, 166-67 (D. Del. 1988): *See also Oyama v. Sheehan* F.3d 253 507*(2001)*; *See also Mosely v. Eighth Judicial Dist. Court ex rel. County of Clark,* 188 P.3d 1136 (Nev. 2008); *See Ohlinger v. U.S.,* 135 F. Supp. 40 (D. Idaho 1955).

Considering the extension is sought is approximately four-months or alternatively an as close to an approximately four-month extension as possible (or some close shorter period), that Plaintiffs' counsel asked the defendants' counsel for extension before filing this Motion (and the Defendant said they would not oppose it[1]), that the Plaintiffs' counsel has acted as "conscientiously" with respect to seeking extensions-and-grating extensions as the plaintiff's counsel in *Ahanchian* (granting the defendants' counsel's requests to extend their time to answer/respond to the SAC, granting the defendants' counsel's request to move/continue discovery dates [including 26(f) conference, initial disclosure dates and dates for completing scheduling orders]) there's good faith and good reasons articulated for extension etc.

Respectfully the relief requested in this Motion can be, and should be fully granted under Fed. R. Civ. P. 6(b)(1)(A) and/or LR 26-3 for good cause, nonetheless considering the facts (including but not limited to those in the Odunze Decl.) had the deadlines passed it could have also been granted under Fed. R. Civ. P. 6(b)(1)(B), such deadlines have not passed before the filing of this Motion so the relief requested in this Motion should be granted and is properly granted under Fed. R. Civ. P. 6(b)(1)(A) and LR 26-3.

---

[1] In an email correspondence the Defendant attorneys advised "that as a matter of professional courtesy the Defendants do not oppose the Plaintiffs' requested four-month extension." The Defendant Attorneys further stated in email correspondence "that since the" lead Plaintiffs' attorney's "medical issues have continued and worsened, and it is unknown if and when those medical conditions will allow" the Plaintiffs' lead attorney "to be able to undertake what" what the Defendants' counsel believes "is needed to conduct and move…forward, unless and until" the Plaintiffs' lead counsel "associates additional counsel that can" assist with the "case going forward, the Defendants will oppose" extensions that proceed the grant of the extension that was requested by the Motion at bar.

LR IA 6-1(d) states:

> Motions to shorten time will be granted only upon an attorney or party's declaration describing the circumstances claimed to constitute good cause to justify shortening of time. The moving party must advise the courtroom administrator for the assigned judge that a motion for an order shortening time was filed.'

The facts, circumstances, variables and needs discussed in the Odunze Decl. and the facts, circumstances, variables and needs discussed in this Motion show that the Motion should be GRANTED under Fed. R. Civ. P. 6(b)(1)(A), LR 26-3 and a four-month extension or alternatively as close to a four-month extension should be granted. The Odunze Decl. and the above provide good cause and good reasons to GRANT this instant motion.

Finally, the Defendants do not oppose this motion or an approximately four month extension.

This Motion and the relief requested and contemplated by it should be granted under Fed. R. Civ. P. 6(b)(1)(A), LR 26-3 and any other applicable rule that is favorable to the Plaintiffs. This motion is not filed for the purpose of delay.

## VII.    CONCLUSION

Respectfully, based on the foregoing the motion should be GRANTED. Respectfully, this Moton is first-and-foremost and overarchingly a request for the extension for all discovery deadlines to be extended by approximately four-months or alternatively to as close as approximately four-months as possible, that is the central/primary relief that is foremost requested herein and should be GRANTED. The Motion should be GRANTED in its entirety. The discovery dates should be extended by approximately four-months with adjustments for holiday (holiday weeks) or as close to approximately four-months as possible and the Plaintiffs' proposed new dates should be adopted.

The Court should grant any other relief that is favorable to the Plaintiff the Court feels is necessary, proper, practical or just (arising in chamber, any hearing, review, pleadings, record o evidence) adduced in or by the Court's consideration and review of the instant Motion).

DATED this 7th day of May 2024

ODUNZE PLLC
  /s/Ikenna Odunze
Ikenna Odunze, Esq.
ODUNZE & SWANIGAN
ODUNZE PLLC
3651 Lindell Road Suite D #142
Las Vegas Nevada 89103
Telephone No. 702-943-0305
Facsimile No. 702-943-023

**IT SO ORDERED**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: May 8, 2024

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of ODUNZE PLLC, and that on May 7th, 2024, the above Motion (with declaration) were served on *all parties registered for electronic service in CASE NO.: 2:22-cv-00274-ART-BNW.*

                                                /s/ Ikenna Odunze, Esq.
                                                An employee of ODUNZE PLLC