UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Michael Vidal, et al., | Case No. 2:22-cv-00274-ART-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| Verizon Pension Plan for Associates, et al., | |
| Defendants. | |

In the past month or so, Plaintiffs' counsel has filed 15 motions related to a pending motion to amend. *See* ECF Nos. 146, 147, 149, 151, 152, 155, 156, 157, 158, 159, 161, 162, 163, 164, 165. This Court has, perhaps too graciously, accommodated Plaintiffs' counsel's requests to the best of its ability. It can no longer do so. These repetitious filings have markedly burdened the Court. Therefore, this Court enters the below order to resolve the pending motions and to outline what behavior is expected in the future, so that this case can proceed efficiently.

**I.   BACKGROUND**

This is an ERISA case that has been pending since early 2022. ECF No. 1. In the initial scheduling order, this Court gave the parties approximately 13 months to conduct discovery.[1] ECF No. 92. The parties, primarily Plaintiffs via unopposed motions, have moved to extend the discovery deadlines eight times. ECF Nos. 106, 125, 132, 134, 136, 138, 140, 142. Following the eighth request, this Court set a hearing. ECF No. 143. Plaintiffs moved for leave to file a fourth-amended complaint two days before the hearing. ECF No. 144.

At the hearing, this Court granted the eighth, unopposed motion to extend deadlines.[2] ECF No. 145. However, it warned the parties that it was not inclined to grant future continuances. *Id.*

---

[1] Currently, this Court has given the parties approximately 27 months to complete discovery. ECF No. 145 (discovery due 9/30/25).

[2] This Court granted the extension regarding the deadline to amend pleadings/add parties in error. The Court intended this deadline to be closed given that Plaintiffs filed a fourth motion to amend under the

The purpose of the hearing was to set internal deadlines to keep the parties on track to complete discovery by the end of September 2025 so as to avoid having to extend deadlines again. However, the parties agreed that it would be more efficient to resolve the pending motion to amend before setting any internal deadlines because the motion to amend, if granted, would change the scope of discovery. Plaintiffs' counsel stated he was planning to file a motion requesting that this Court hear the motion to amend on shortened time.[3] Given the forthcoming discovery deadlines and the need to keep the case on track, this Court agreed to decide the motion to amend promptly, and it set a hearing for April 7, 2025. The Court told the parties it intended to issue an oral ruling on the motion to amend at this hearing. It further explained that it would set new, internal discovery deadlines following its decision on the motion.

About one week after the hearing, Plaintiffs filed a second motion to amend and an accompanying motion for order shortening time. ECF Nos. 146 and 147. Plaintiffs asked this Court to decide its second motion to amend at the hearing instead of the previously filed motion. ECF No. 147. Granting this request meant that this Court would only have two business days to review the parties' briefings and decide the motion. Still, it granted Plaintiffs' request and denied the prior motion as moot—again, to keep the case moving forward. ECF No. 148.

Five days later, Plaintiffs filed a third motion to amend. ECF No. 149. Confusingly, Plaintiffs stated that this third motion should not supersede the second motion. *Id.* Instead, they asked this Court to review both motions to amend at the hearing. *Id.* The Court declined to do so, stating:

> This Court will not address piecemeal motions to amend. Moreover, it is unclear whether the proposed-amended complaint attached to the third motion to amend also incorporates the amendments sought in the second motion to amend. Accordingly, this Court DENIES Plaintiffs' motions to amend (ECF Nos. 146 and 149) without prejudice. Plaintiffs will have until end of business today, March 19, 2025, to file a fourth motion to amend. This motion to amend must request every amendment Plaintiffs seek, and Plaintiffs must attach a proposed-amended complaint to the motion that does the same. This Court will decide Plaintiffs' fourth motion to amend at the hearing presently set for April 7, 2025, at 10:00 A.M.

---

time allowed in the previous scheduling order. The deadline to amend pleadings will now be April 30, 2025.

[3] Plaintiffs' counsel did not file the motion to shorten time because this Court agreed to resolve the motion to amend promptly.

1  ECF No. 150. Plaintiffs complied with this order. ECF No. 151. However, despite this Court's
2  clear instructions that it would decide the fourth motion to amend at the April 7 hearing, Plaintiffs
3  asked to move the hearing by seven days "or soon thereafter" so that they could have the full
4  seven days to file a reply. ECF No. 151.

5        This Court denied Plaintiffs' request because the problem was one of Plaintiffs' counsel's
6  own making. ECF No. 153. This Court explained that "[h]ad Plaintiffs filed their final motion to
7  amend in the first instance, or even the second instance, Plaintiffs would have had enough time to
8  file a reply before the hearing. This Court should not bear the burden of re-arranging its busy
9  calendar to accommodate Plaintiffs' poor planning."[4] *Id.* Still, in order to give Plaintiffs an
10 opportunity to file a reply, this Court stated that Plaintiffs could, if they chose, file a reply by
11 April 4. *Id.* To be clear, this deadline once again burdened this Court, who now needed to spend
12 the weekend reviewing Plaintiffs' reply and writing its order to be ready to issue a decision on
13 Monday morning. This Court would not have been in that position had Plaintiffs filed the final
14 version of its motion to amend in the first, or even second, instance.

15       Defendants timely filed their opposition. ECF No. 154. Shortly after, Plaintiffs filed five
16 motions: (1) a motion to file a reply in excess of the 12-page limit (asked for 29 to 35 pages); (2)
17 a motion for order shortening time; (3) a motion to extend the deadline to file the reply by one
18 day; (4) a motion for order shortening time; and (5) a second motion to extend the hearing. ECF
19 Nos. 155–59. This Court entered a minute order granting, in part, Plaintiffs' requests. ECF No.
20 160. This Court allowed Plaintiffs a 20-page limit for their reply and two extra days (more than
21 what had been requested) to file their reply. *Id.* It also continued the hearing by four days.[5] *Id.*

---

[4] The Court was, and still is, wholly unavailable the week of April 14. And, at the time of Plaintiffs' request, the Court had a jury trial set for the week of April 21. Put simply, the Court was unable to move the hearing back a week or two. And given the parties own requests to have the motion to amend heard quickly, and given the forthcoming discovery deadlines, the Court did not want to delay a decision on the motion to amend by more than three weeks.

[5] The only reason this Court was able to continue the hearing by four days was because a settlement conference in another case was vacated.

1  The day before Plaintiffs' reply was due, Plaintiffs filed another five motions: (1) second motion to extend the time to file a reply (asked for two more days to file); (2) motion for order shortening time; (3) second motion to file a reply in excess of the page limit (asked for 28 pages); (4) an amended version of the second motion to extend the time to file a reply; and (5) motion for order shortening time. ECF Nos. 161–65. These motions are still pending before the Court. The day the reply was due, Plaintiffs filed a reply that was *27 pages long*. ECF No. 166. The Clerk's Office has since stricken this reply because Plaintiffs' counsel stated that he entered it in error. Plaintiffs filed *another reply the day after the deadline*. ECF No. 167. That reply is *28 pages in length*. *Id.*

## II.  DISCUSSION

### A.  Pending Motions Regarding Plaintiffs' Reply

As discussed above, Plaintiffs recently filed five motions relating to their reply in support of the motion to amend. The Court addresses each motion in turn.

First, this Court denies the second motion to extend time (ECF No. 161). Plaintiffs filed their first motion to extend time just one day earlier. ECF No. 157. This Court not only granted that motion but gave Plaintiffs an extra day to file their reply. ECF No. 160. Despite this, the very next day, Plaintiffs asked for even more time. ECF No. 161.

"A motion or stipulation to extend any date set by the discovery plan, scheduling order, *or other order* must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension." LR 26-3 (emphasis added). The good-cause standard primarily considers the diligence of the parties seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here, there is no good cause to extend the deadline. Plaintiffs contend that they have worked on the mater "non-stop" to comply with the 20-page limit and deadline. ECF No. 161. While this Court appreciates Plaintiffs' counsel's effort, it must remind him that, had he filed the final version of the motion to amend in the first instance, he would not be in this position. The fact that Plaintiffs waited until the last minute to file their first motion to amend, and the fact that Plaintiffs filed additional motions to amend

because they presumably deemed the first one inadequate, does not constitute diligence. Accordingly, this Court denies ECF No. 161.

Second, this Court will grant the motion to shorten time (ECF No. 162). "Motions to shorten time will be granted only upon an attorney or party's declaration describing the circumstances claimed to constitute good cause to justify shortening of time." LR IA 6-1(d). Here, there is good cause to grant the motion because this Court must resolve the above motion before deciding the motion to amend.

Third, this Court denies the second motion to file a reply in excess of the page limit (ECF No. 163). Despite this Court previously denying Plaintiffs' request to file a reply that was 29 to 35 pages in length, Plaintiffs now ask this Court to file a reply that is 28 pages long. ECF No. 160. "The court looks with disfavor on motions to exceed page limits, so permission to do so will not be routinely granted. A motion to file a brief that exceeds these page limits will be granted only upon a showing of good cause." LR 7-3(c). There is no good cause to grant this second request for relief (which is substantially the same as the relief this Court denied just one day earlier). Moreover, as explained below, the reply brief is filled with repetitive sentences that are difficult to understand. A verbose writing style does not constitute good cause. Accordingly, the Court denies ECF No. 163.

Fourth, the Court denies the second motion to extend time (ECF No. 164), which appears to be an amended version of the motion at ECF No. 161, for the same reasons it denies ECF No. 161, discussed above.

Fifth, the Court will grant the motion to shorten time at ECF No. 165 for the same reasons it grants the motion to shorten time at ECF No. 162.

### B. The Replies to the Motion to Amend

Plaintiffs filed two replies to the motion to amend. ECF Nos. 166 and 167. The Clerk's Office struck the reply at ECF No. 166 because it was "[e]ntered in error by Counsel." ECF No. 166. The remaining reply (ECF No. 167) was filed *one day late* and is *28 pages long*. This reply violates two court orders: (1) that the reply be due by 4/6 and (2) that the reply be "no more than

20 pages long." ECF No. 160.[6] Accordingly, the Court strikes the reply at ECF No. 166 for failure to comply with its orders and this district's local rules. *Id.*; *see also* LR IA 10-1(d) ("The court may strike any document that does not conform to an applicable provision of these rules or any Federal Rule of Civil or Criminal Procedure.").

---

[6] In addition, it is difficult to understand the arguments made in the replies. For example, Plaintiffs write the following *single* sentence:

> Despite flagrantly dodging, shirking and circumventing their duties under Fed. R. Civ. P. 26(a)(1)(A)(i), the Conduent Defendants falsely claim "Plaintiffs have also previously amended several times, and they have unduly delayed seeking further leave to amend, particularly as they have had all the information needed to determine whether they have a true need to amend for almost two years" when even today (currently) the Plaintiffs are still forced to guess (due to the Defendants conflicting and contradictory discovery responses added to the fact the Defendants' waited until April 2, 2025 last week to amend discovery responses to interrogatories that were sent on April 6, 2023) at who exactly the entities to be added are what they do as the Defendants intentionally provide contradictory claims (and/or last minute interrogatory amendments) and contradictory documents and the Defendants aggressive efforts to obscure Conduent HR Services, LLC's, Xerox Business Services, Inc.'s and Conduent Business Solutions, LLC identities (before the filing of ECF Nos 110, 110-1, 96, 96-1, 94 and 94-1 and it is clear had the Defendants forthrightly conspicuously disclosed said entities' identities in the manner Fed. R. Civ. P. 26(a)(1)(A)(i) mandates, that such entities would've been named, added/substituted (which are the same thing) and/ included within ECF Nos 110, 110-1, 96, 96-1, 94 and 94-1 by the Plaintiffs and already be in this lawsuit) and when the Defendants themselves confuse and conflate the entities being named such that the Defendants get together in March or April 2025 to amend interrogatory responses about identities; for example the Conduent Defendants claims the Plaintiffs are asking that two entities that don't exist be named yet it's the Defendants who gave those names after ECF No. 110 and ECF No.110-1 were already filed (all this would have been cleared up with the filing of ECF No. 110 and ECF No. 110-1 had the Defendants (and their counsel) not gone out their way to aggressively hide/obscure these entities names (notice how all of sudden only after ECF No. 110 and 110-1 were filed the did Xerox HR Solutions, LLC suddenly start adding "a/k/a Conduent HR Service, LLC") further in determining undue delay the "undue-ness" (meaning whether a delay has become "undue" and prejudicial) is not measured by the passage of time (which has not been two years) rather it is measured by whether a delay in seeking amendment wields-and-works a real actual unfair and unreasonable adverse impact on the non-moving parties ability to get all the discovery the non-moving party needs for trial by the close of discovery in a way that will unfairly and unreasonably adversely prejudice the non-moving party during trial (feigning prejudice or pointing to the length of litigation, the length of complaint or amount of time between amendments when all the exiting defendants already have all the discovery that defendants need will not due [or suffice] and it is not equivalent to unreasonable and unfair adverse prejudicial impact that will somehow ultimately keep any of the defendants from getting what is needed by time trial proceeds).

ECF No. 167 at 23–25.

**C.  The Motion to Amend**

The Court denies Plaintiffs' motion to amend (ECF No. 151) without prejudice. The motion is largely incomprehensible. "The Federal Rules of Civil Procedure and common sense dictate that requests made to this Court be comprehensible." *In re Robert W. Hunt M.D., a Med. Corp.*, No. CV 15-0667 AG, 2016 WL 11640102, at *1 (C.D. Cal. Aug. 24, 2016) (citing Fed. R. Civ. P. 7(b)). Under Rule 7, a motion must "state with particularity the grounds for seeking the order [and] state the relief sought." Fed. R. Civ. P. 7(b). Here, it is difficult to decipher the grounds that support Plaintiffs' motion to amend. For example, Plaintiffs argue:

> CBS claims that on a date of certain pertinent events concerning the subject case that CBS was a party listed/referenced in the alleged agreement to render some of the alleged "administrative" and alleged consultative work (which CBS claims includes the work of defendant Patricia Bryant) for the defendant VERIZON PENSION PLAN FOR ASSOCIATES, ((Plan No. 16) and some of the other Verizon defendants (however CBS also claims that it owns [and is a parent to] CHR and claims that it is CHR that should have allegedly been the party listed/referenced in the aforesaid alleged agreement instead of CHR [however CBS also claims that the aforesaid alleged agreement was with-and-for CBS but for CBS to subsequently engage and fulfill through CHR despite CBS alleging that aforesaid agreement allegedly states CBS is an alleged service provider), additionally CBS further claims defendant Patricia Bryant performed work for CHR [whom again CBS claims it owns; furthermore, CHR's identity was disclosed by defendants CBS and Xerox HR Solutions, LLC after ECF No. 110 and the proposed third amended complaint (seen at ECF No. 110-1) had already been submitted to the Court within the third amended complaint's attendant leave to amend motion seen at ECF No. 110]); collectively the defendants' attorneys propounded close to 6000 complex documents (after ECF Nos. 110 and 110-1 were filed; which are the motion for leave to file the third amended complaint along with the then proposed third amended complaint) and many that seem to contradict each other (and again most or all reference other voluminous purported agreements and voluminous plans) and the defendants seem to have hundreds of entities (some of those entities organize and incorporate entities bearing the same name or very close to identical names; voluminous amounts of entities are referenced within the defendants' discovery responses).

ECF No. 151 at 17. Moreover, it is unclear what amendments, other than adding defendants, Plaintiffs seek. Plaintiffs state that they "seek leave to amend their complaint add [sic] the amendments/revisions seen in the attached proposed amended complaint (viewed in Exhibit 3 ECF No. 151-3) and to add (and integrate) the following parties to each of the Plaintiffs' causes of action: [listing parties]." ECF No. 151 at 11. The attached proposed-amended complaint is over 100 pages long. ECF No. 151-3. This Court will not comb through the proposed-amended complaint (100+ pages) and operative complaint (95 pages) looking for differences. *Id.*; *see also* ECF No. 123. It is Plaintiffs' responsibility to tell this Court what amendments they seeks and to

1  explain, in a comprehensible matter, the legal grounds that support their requests. *See* Fed. R. Civ.
2  P. 7(b); *see also* LR 7-2(d) ("The failure of a moving party to file points and authorities in support
3  of the motion constitutes a consent to the denial of the motion.")

4      Given the above issues with the motion to amend and the stricken replies, this Court
5  denies Plaintiffs' motion to amend (ECF No. 151) without prejudice. While this Court hoped that
6  resolving the motion to amend quickly would propel the case forward and aid the parties in
7  discovery, those efforts have failed and have wasted much of this Court's time. Plaintiffs have
8  filed numerous rushed and difficult-to-understand motions, which this Court has been forced to
9  resolve. Accordingly, this Court takes a different approach, as explained below.

### D.  This Case Moving Forward

It is necessary to explain what behavior will and will not be tolerated moving forward. Counsel should file one motion in its final version that encompasses their requested relief. Counsel should not file repeated, amended motions. If counsel anticipates needing an extension of time, they should file that request as soon as practicable. Counsel should not file last-minute requests to extend deadlines on shortened time. If counsel anticipates going over the allotted page-limit, they should first consider whether the request is truly necessary, that is, whether the motion cannot be shortened through removing excess language. Counsel should edit their motions to remove lengthy and repetitive sentences. This Court is unlikely to grant motions for excess pages. Counsel should not file motions seeking relief that this Court has already denied unless there is a good reason to seek reconsideration. Finally, this Court will not spend its limited resources deciphering a party's arguments or requests for relief. Counsel should file motions that are easy to understand. Every filing must comport with this district's local rules. This Court is prepared to strike all filings that violate those local rules.

    The deadline to amend pleadings/add parties will be April 30, 2025. As mentioned above, this Court extended the deadline to amend pleadings/add parties in error. The Court is aware that there is a pending stipulation to stay the case that, if granted, would also stay this deadline.

    Lastly, the hearing set for April 11, 2025, at 1:00 P.M. is vacated.

//

### III. CONCLUSION

IT IS THEREFORE ORDERED that the second motion to extend time (ECF No. 161) is DENIED.

IT IS FURTHER ORDERED that the motion to shorten time (ECF No. 162) is GRANTED.

IT IS FURTHER ORDERED that the second motion for leave to file excess pages (ECF No. 163) is DENIED.

IT IS FURTHER ORDERED that the second motion to extend time (second request) (ECF No. 164) is DENIED.

IT IS FURTHER ORDERED that the motion to shorten time (ECF No. 165) is GRANTED.

IT IS FURTHER ORDERED that the motion to amend (ECF No. 151) is DENIED without prejudice.

IT IS FURTHER ORDERED that the deadline to amend pleadings/add parties is April 30, 2025.

IT IS FURTHER ORDERED that the hearing set for April 11, 2025, at 1:00 P.M. is VACATED. The stipulation to vacate the hearing (ECF No. 171) is GRANTED.

DATED: April 9, 2025

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE